# SPRING SESSIONS.

## 1898.

LEVIN E. MILLER *vs.* HUGH H. HICKMAN.

*Continuance—Absent Witness—Laches.*

Where a material witness left the State on the morning when the Court announced the calendar, whereby service in time was not possible, the party who failed to subpoena him was not guilty of laches, so as to prevent a continuance.

(*April 12, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John M. Richardson, Chas. F. Richards* and *R. C. White* for plaintiff.

*Chas. M. Cullen* and *Chas. W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1898.

ACTION ON THE CASE (No. 161 April Term, 1896).

The above case was placed upon the daily calendar on April 5th for trial on April 12th. The calendar was published April 6th. When the case came on for trial, counsel for plaintiff moved for a continuance, on the ground of the absence of a material witness. It was admitted that the said witness had gone to Philadelphia on Wednesday morning April 6th and was there in a hospital being treated for cancer. That on Saturday April 9th summons was issued for his attendance upon court on April 12th. The plaintiff was produced and stated that he expected to prove by the absent witness that the defendant had on one occasion sent for plaintiff's wife to meet defendant at a neighbor's

house, that she there met him about eight o'clock in the evening and that they together drove off in defendant's carriage. The defendant refused to admit that fact.

Defendant's counsel objected to a continuance on the ground of laches on the part of plaintiff.

LORE, C. J :—The rule is that as soon as the calendar is published and announced by the Court, subpoenas should be issued for the witnesses, and unless this is done, the party takes the risk of being guilty of laches.

The calendar was made out in this case on Tuesday afternoon April 5th, yet the announcement was not made until Wednesday morning April 6th, after court convened. It is agreed here that this witness went to Philadelphia at eight o'clock a. m. April 6th, and therefore he could not have been served after the calendar was announced.

Under the circumstances, the plaintiff has brought himself within the rule. We therefore order the case continued to the October term under a peremptory rule.